In re OMEGA LITHOGRAPHERS, INC., Debtor.

PENN PAPER CO., Plaintiff,

v.

OMEGA LITHOGRAPHERS, INC., Defendant.

Bankruptcy No. 79–205.

United States Bankruptcy Court, M. D. Pennsylvania.

Feb. 19, 1982.

Timothy F. Nicholson, Harrisburg, Pa., for debtor.

Frederick W. Andrews, Harrisburg, Pa., trustee.

Robert D. Kodak, Knupp & Andrews, Harrisburg, Pa., for trustee.

### MEMORANDUM AND ORDER DISMISSING THE OBJECTION TO THE CLAIM OF LEROY E. SMITH

THOMAS WOOD, Bankruptcy Judge.

Penn Paper Co. (Penn), a creditor of the debtor, has filed an objection to the allowance of the claim of Leroy E. Smith, director and sole shareholder of the bankrupt. Smith is listed as an unsecured creditor in the amount of $19,000, and is listed as a secured creditor in the amount of $17,500. Smith's unsecured claim is now moot since the debtor's assets are insufficient to make a distribution to general unsecured creditors. Smith's entitlement to a secured claim remains to be resolved.

Smith obtained his claim to a security interest in the bankrupt's property on August 9, 1978, when Commonwealth National Bank assigned to him the debtor's note for $17,500 and the accompanying security interest. The consideration from Smith for the assignment was $17,500. Smith testified that he took the assignment "in order to save his original investment . . . to keep the company going, to reestablish (the debtor's) credit and to make it possible for the (debtor) to operate." Omega filed for bankruptcy six months after the assignment of the security interest.

Penn contends that the transaction should be deemed a contribution by Smith to the capital of the corporation on the basis that Smith took unfair advantage of his position as a director of the debtor. The remedy sought by Penn would be effected through exercise of the Bankruptcy Court's power of equitable subordination. *Sampsell v. Imperial Paper & Color Corp.*, 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293 (1941).

The mere fact that an officer or director of a debtor loans money to a corporation is not sufficient reason to subordinate his claim since this would discourage those most interested in the corporation from attempting to salvage it through the infusion of capital. *Matter of Mobile Steel*, 563 F.2d 692, 701 (5th Cir. 1977). In *Mobile Steel*, supra, the Court authorized the use of equitable subordination only if three conditions were met:

> (i) The claimant must have engaged in some type of inequitable conduct . . . (ii) The misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant . . . (iii) Equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act.

*Id.* at 701. This Court makes the factual finding that Penn has failed to establish that the loan from Smith to the debtor resulted in injury to the creditors or conferred an unfair advantage on Smith. Since Penn has failed to meet either of the requirements of element (ii), subordination is inappropriate. This conclusion makes it unnecessary to discuss elements (i) and (iii).

This memorandum constitutes findings of fact and conclusions of law in compliance with Bankruptcy Rule 752.

## ORDER

AND NOW, this 19th day of February, 1982, IT IS ORDERED that the objection by Penn Paper Co. to the claim of Leroy E. Smith is dismissed.